UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SERGIO VELAZQUEZ CARNERO,

       Petitioner,

v.

FLORIDA SOFT SIDE SOUTH,

       Respondent.

                                /

Case No. 2:26-cv-614-KCD-NPM

## ORDER

Petitioner Sergio Velazquez Carnero has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued imprisonment violates the Fifth Amendment. Respondents oppose the petition. (Doc. 9.) For the reasons below, the petition is **DENIED**.

## I. Background

Carnero is a native of Cuba who entered the United States in 1996. (Doc. 9-1 at 3.) He was later convicted of lewd and lascivious assault on a child and contributing to the delinquency/dependency of a child and sentenced to prison. (*Id.* at 3.) Removal proceedings were started, and in 2017, an immigration judge ordered him removed to Cuba. (Doc. 9-2.) When

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

that removal did not come to fruition, Carnero was placed on an order of supervision.

On November 4, 2025, Carnero attended a routine ICE check-in, was detained, and his supervision was revoked. (Doc. 9-3.) This petition for writ of habeas corpus followed. (Doc. 1.) ICE claims it intends to remove him to Mexico. (Doc. 9-3 at 4.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

Carnero invokes the Fifth Amendment to argue that his detention "is past 90 days." (Doc. 1 at 7.) A bit of statutory plumbing helps set the stage for this claims. When a removal order becomes final, the INA starts a 90-day clock. 8 U.S.C. § 1231(a). During that window, the government must keep the

2

noncitizen detained. *Id.* § 1231(a)(2). If that initial period expires without a successful removal, the government has a choice: it may release the individual on supervision or keep them locked up. *Id.* § 1231(a)(6). Read literally, the statute places no outer limit on that continued confinement. But holding someone indefinitely is a constitutional non-starter. So the Supreme Court read a practical limitation into the text. The government, the Court held, may only detain a noncitizen for a period "reasonably necessary" to actually bring about their removal. *Zadvydas*, 533 U.S. at 701. And to give lower courts a workable yardstick, the Court drew a line at six months: any post-removal detention lasting six months or less is "presumptively reasonable." *Id.*

"In order to state a claim under *Zadvydas*," then, "the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Apply that framework here, and Carnero's claim immediately runs into a math problem: he simply has not been detained long enough. To trigger a *Zadvydas* inquiry, a noncitizen must be confined for more than six months. Carnero, however, has only been detained since November 4—leaving him

well short of that mark. *See, e.g., Rivera v. Hassell*, No. 4:15-01497-WMA-SGC, 2016 WL 4257692, at *3 (N.D. Ala. July 12, 2016).

Because Carnero has not been physically detained for six months, his Fifth Amendment claim fails. *See Lopez v. Dir. of Enf't & Removal Operations*, No. 3:25-CV-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, No. 1:25-CV-22487, 2025 WL 1984300, at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Carnero also notes that he has high blood pressure and that ICE is breaking his civil rights by keeping him detained when Cuba is "not taking anyone." (Doc. 1 at 8.) To the extent this is an argument for habeas relief, it is summarily rejected. Challenges to conditions of confinement are not appropriately raised in the habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement."). And the Government is not attempting to remove him to Mexico, not Cuba.

## IV. Conclusion

Carnero's legal challenge to the length of his detention is premature, and therefore, his habeas petition must be **DISMISSED**. However, this

4

dismissal is without prejudice to Carnero refiling a new petition should his current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions[2] and close the case.

  **ORDERED** in Fort Myers, Florida on March 25, 2026.

Kyle C. Dudek
United States District Judge

---

[2] The Warden of Alligator Alcatraz moves to dismiss, arguing he is an improper Defendant. (Doc. 8.) Because Carnero is being granted no relief, the Warden's argument is a moot issue.

5